# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-105-FDW
# (5:06-cr-22-FDW-DSC-2)

| | |
|---|---|
| **GERARD MONTERO FELDER,** | )<br>) |
| **Petitioner,** | )<br>) |
| vs. | ) **ORDER**<br>) |
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Respondent.** | )<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and his motion for the appointment of counsel, (Doc. No. 2).

**I.    BACKGROUND**

Petitioner pled guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base. (5:06-cr-22, Doc. No. 709). The Court entered its judgment sentencing Petitioner to 324 months' imprisonment on May 1, 2008. (Id.). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal on October 13, 2009. (Id., Doc. No. 894).

On May 2, 2012, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 that was opened in a separate civil case, number 5:12-cv-56. See (Id., Doc. No. 979). The Court dismissed the motion to vacate with prejudice as time-barred. Felder v. United States, 2015 WL 1602076 (W.D.N.C. April 9, 2015). The Fourth Circuit dismissed Petitioner's appeal on July 28, 2015. United States v. Felder, 610 Fed. Appx. 320 (4th Cir. 2015). Petitioner filed a Rule 60(b) motion for relief from judgment on March 8, 2016, which this Court denied on May 1, 2017. (5:12-cv-56, Doc. Nos. 22, 23).

Meanwhile in the criminal case, on June 29, 2012, counsel filed a motion to reduce Petitioner's sentence pursuant to 18 U.S.C. § 3582, seeking relief under the amended crack guidelines. (5:06-cr-22, Doc. No. 1006). The Court granted relief on January 15, 2013, and reduced Petitioner's sentence to 262 months' imprisonment. (Id., Doc. No. 1073).

On August 24, 2015, counsel filed a second § 3582 motion to reduce Petitioner's sentence, arguing that the sentenced should be reduced pursuant to U.S. Sentencing Guideline Amendment 782. (Id., Doc. No. 1175). The Court agreed and, on January 8, 2016, reduced Petitioner's sentence to the statutory minimum of 240 months' imprisonment pursuant to 21 U.S.C. § 851. (Id., Doc. No. 1215).

Petitioner filed the instant § 2255 motion to vacate on June 9, 2017. (Doc. No. 1). He argues that the Court lacked jurisdiction to resentence him with a recidivist enhancement in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner appears to argue that the § 2255 motion to vacate is not successive, and is timely, because the January 8, 2016, Order is a new judgment pursuant to Magwood v. Patterson, 561 U.S. 320 (2010), and In re Gray, 850 F.3d 139, 143 (4th Cir. 2017). Petitioner also asks that the Government waive enforcement of the plea agreement's waiver provision. He seeks resentencing without application of the statutory mandatory minimum of 240 months' imprisonment. He has filed a motion for the appointment of counsel. (Doc. No. 2).

II.     **MOTION FOR THE APPOINTMENT OF COUNSEL**

Unlike a criminal proceeding in which the Court must appoint counsel to represent an indigent defendant, the Court has discretion to appoint counsel in a civil action, including motions to vacate pursuant to § 2255. See 28 U.S.C. § 1915(e)(1). A court should appoint counsel to represent an indigent party only if that party has shown a particular need or exceptional circumstances. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

Petitioner has not shown any exceptional circumstance why he cannot proceed without counsel. Therefore, his motion for the appointment of counsel is denied.

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

In Magwood v. Patterson, 561 U.S. 320 (2010), the Supreme Court held that, where there is a new judgment intervening between two habeas petitions, a petition challenging the new judgment is not second or successive. See In re Gray, 850 F.3d 139, 143 (4th Cir. 2017) ("when a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b), regardless of whether it challenges the sentence or the underlying conviction.").

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. DISCUSSION

Petitioner's conviction and sentence became final on January 11, 2010, when the time for filing a certiorari petition in the United States Supreme Court expired. See Clay v. United States, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Petitioner filed his first § 2255 motion to vacate more than a

year later on May 2, 2012. This Court thus dismissed it with prejudice as time-barred, which is an adjudication on the merits. See Fed. R. Civ. P. 41(b).

Petitioner has now filed the instant § 2255 motion to vacate without having first obtained the Fourth Circuit's permission to file a second or successive motion to vacate. Petitioner relies on Magwood and Gray to argue that the instant § 2255 motion to vacate is not successive because the Court's January 8, 2016, Order granting § 3582 relief is a new judgment that can be challenged anew pursuant to § 2255. However, this approach finds no support in the statutory language or case law.

A court may reduce a term of imprisonment where a sentencing range has been subsequently lowered by the Sentencing Commission, or pursuant to the factors set forth in § 3553(a). 18 U.S.C. § 3582(c)(2). Notwithstanding that a sentence can be modified pursuant to subsection (c), a judgment including such a sentence is final "for all other purposes." 18 U.S.C. § 3582(b).

Petitioner has not cited any Fourth Circuit case law extending Magwood and Gray in the manner he suggests, nor has the Court found any. In fact, the authority suggests the opposite conclusion. See United States v. Sanders, 247 F.3d 139 (4th Cir. 2001) (relying on § 3582(b) to conclude that a sentence modification pursuant to Rule 35 does not affect the date the judgment became final); see, e.g., Oddman v. United States, 2013 WL 4502168 at *1 n. 1 (W.D.N.C. Aug. 22, 2013) (modification of sentence under 18 U.S.C. § 3582 does not constitute a new "judgment"), *app. dism.*, United States v. Oddman, 555 Fed. Appx. 278 (4th Cir. 2014); Jackson v. United States, 2014 WL 1351105 (S.D. W.Va. Apr. 4, 2014) (same).

Petitioner has not obtained leave from the Fourth Circuit to file this § 2255 motion to vacate and no intervening new judgment exists. Therefore, the Court dismisses the § 2255 Motion to Vacate for lack of jurisdiction.[1]

### V. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 motion to vacate for lack of jurisdiction and denies the motion to appoint counsel.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

2. Petitioner's Motion to Appoint Counsel, (Doc. No. 2), is **DENIED.**

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January16, 2018

Frank D. Whitney
Chief United States District Judge

---

[1] Even if the January 8, 2016, Order reducing the sentence pursuant to § 3582 was a new judgment for purposes of § 2255, the instant petition would still be barred by the one-year statute of limitations.